# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| The Pricing Cloud, LLC,<br><br>                 Plaintiff,<br><br>vs.<br><br>Logistics Capital & Strategy, LLC,<br><br>SERVE: Brian Clancy, Registered Agent<br>1110 N. Glebe Road, Suite 590<br>Arlington, Virginia 22201<br>                 Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff The Pricing Cloud, LLC ("Pricing Cloud"), by its undersigned attorneys, complains against Defendant Logistics Capital & Strategy, LLC ("LC&S"), as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages caused by LC&S's breach of contract. Pricing Cloud signed a contract with LC&S whereby Pricing Cloud would serve as LC&S's subcontractor for services provided to the United Parcel Service General Services Co. ("UPS"). The contract required LC&S to pay Pricing Cloud according to an agreed-upon payment schedule.

2. LC&S has breached the agreement by failing to make required payments to Pricing Cloud, and has not provided any legitimate legal justification for its intentional withholding of these payments. As a result of LC&S's actions, Pricing Cloud has suffered significant damages, and is forced to bring this lawsuit.

## THE PARTIES

3. Pricing Cloud is a Pennsylvania limited liability company with its principal place of business located at 7002 Oak Park Drive, Gibsonia, Pennsylvania 15044. Its sole member is Vernon Lennon ("Lennon"), an individual who is a resident of Pennsylvania.

4. LC&S is a Virginia limited liability company with its principal place of business at 1110 North Glebe Road Suite 590, Arlington, VA 22201. On information and belief, the members of LC&S are residents of Virginia and not residents of the state of Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Pricing Cloud is a citizen of Pennsylvania and LC&S is a citizen of Virginia. The amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Pricing Cloud's claim occurred in this judicial district. The contract between the parties has a forum clause that selects this venue as the proper location for the resolution of disputes.

## FACTUAL BACKGROUND

*The Subcontractor Contract*

7. Prior to September 22, 2017, LC&S contracted with the United Parcel Service General Services Co. ("UPS") for the provision of consulting services to UPS under an agreement entitled "Contract No. CW2725460" (the "UPS Contract").

8. On or about September 22, 2017, Pricing Cloud entered into a "Subcontractor Services Agreement" (the "Subcontractor Contract") with LC&S.

9. The Subcontractor Contract provides that Pricing Cloud would serve as the subcontractor to LC&S and provide services for LC&S in conjunction with LC&S's work for UPS.

10. Exhibit B to the Subcontractor Contract contains a specific payment schedule for payments to be made by LC&S to Pricing Cloud each month.

11. The Subcontractor Contract further provides three different types of payments to be made to Pricing Cloud: $138,734 in "Upfront Payments," $2,000,091 in "Periodic Payments," and $208,101 in "Performance Payments." LC&S also agreed to pay Pricing Cloud's performance expenses.

12. In total, and under the Subcontractor Contract, LC&S agreed to pay Pricing Cloud $2,346,926 for Pricing Cloud's services, plus expenses.

13. Section 19 of the Subcontractor Contract also provides for reasonable attorney's fees and costs, including post-judgment fees, for any substantially prevailing party.

### *LC&S's Refusal to Pay Pricing Cloud for Performed Services*

14. Subject to the Subcontractor Contract, Pricing Cloud began providing LC&S services under the Subcontractor Contract.

15. Specifically, Pricing Cloud began providing services to assist UPS regarding its pricing processes and deployment strategies. Pricing Cloud also began working directly with UPS to create a technology program for the development and analysis of pricing points.

16. In accordance with the Subcontractor Contract, Pricing Cloud submitted monthly invoices to LC&S for payments and expenses.

17. LC&S began making payments to Pricing Cloud under the terms and schedule provided in the Subcontractor Contract.

18. On December 11, 2017, Pricing Cloud submitted an invoice to LC&S for the "Month 4 Periodic Payment" in the amount of $135,649.00. Pursuant to the Subcontractor Contract, payment for this invoice was required by December 31, 2017. LC&S never paid this invoice.

19. On January 10, 2018, Pricing Cloud submitted an invoice to LC&S for the "Month 5 Upfront and Periodic Payments" for the total amount of $172,372 ($10,797 – upfront payment; $161,575 – periodic payment). Pursuant to the Subcontractor Contract, payment for this invoice was required by January 31, 2018. LC&S never paid this invoice.

20. On information and belief, LCS also owes Pricing Cloud unpaid "Performance Payments" under the Subcontractor Contract, because LCS has received payment from UPS but is withholding these funds from Pricing Cloud.

21. On January 16, 2018, Richard Holohan ("Holohan"), the principal for LC&S, sent an email to Lennon, the principal for Pricing Cloud.

22. In this January 16, 2018 email, Holohan admitted that Pricing Cloud's payment was past due.

23. In this same email, Holohan informed Lennon for the first time that LC&S had unilaterally decided to "suspend payments to Pricing Cloud," unless Pricing Cloud agreed to agree to LC&S's performance plan.

24. In this same email, Holohan further demanded that Pricing Cloud agree to a new contractual payment schedule.

25. LC&S suspended payments to Pricing Cloud even though it had received payment from UPS under the UPS Contract. The Subcontractor Contract requires that payments be made to Pricing Cloud upon LC&S receiving payments from UPS.

26. Since January 16, 2018, LC&S has conveyed its intent to make no further payments to Pricing Cloud for services performed under the Subcontractor Contract unless the contract is renegotiated, despite LC&S's expectation that Pricing Cloud continue performing under the Subcontractor Contract.

27. On January 18, 2018, Lennon sent Holohan an email demanding payment under the Subcontractor Contract.

28. On January 23, 2018, Holohan sent an email to Lennon whereby Holohan again admitted that LC&S payments to Pricing Cloud were past due. Holohan again refused to make payment unless Pricing Cloud would agree to LC&S's terms.

29. On January 29, 2018, Lennon sent an email to Holohan requesting payment of all amounts past due and owed to Pricing Cloud by no later than Friday, February 2, 2018.

30. LC&S failed to make any past due payments to Pricing Cloud by the deadline provided by Lennon.

31. LC&S' failure to make past due payments to Pricing Cloud has directly impacted Pricing Cloud's ability to continue performing under the Subcontractor Contract.

32. Pricing Cloud has hired independent contractors to assist it in working under the Subcontractor Contract, as permitted by the contract. LC&S's failure to make past due payments to Pricing Cloud has resulted in LC&S putting Pricing Cloud in danger of breaching its own contracts with its independent contractors. Simply put, Pricing Cloud cannot expect its own team to continue performing for LC&S without payment.

33. On February 3, 2018, Holohan sent an email to Lennon alleging that Pricing Cloud was in material breach of the Subcontractor Contract and stating that LC&S would no

longer make required payments to Pricing Cloud unless Pricing Cloud agreed to modify the Subcontractor Contract's payment terms.

34. In this same email, LC&S threatened Pricing Cloud by stating that unless such contractual modifications were agreed to, LC&S would "terminate [its] agreement without further payment to [Pricing Cloud] – which, again, we are counseled by our legal team we would be entirely justified in doing."

35. Lennon responded to Holohan's email by stating to Holohan that Pricing Cloud had no choice but to preserve its rights regarding LC&S's refusal to make timely payments to Pricing Cloud.

**COUNT I**
**Breach of Contract**

36. Pricing Cloud incorporates by reference all of the allegations contained in paragraphs 1-35 as if alleged in this Paragraph.

37. On September 22, 2017, Pricing Cloud entered into the Subcontractor Contract with LC&S, whereby Pricing Cloud agreed to perform services to LC&S in exchange for LC&S making payments to Pricing Cloud under a specific payment schedule.

38. The Subcontractor Contract is a valid and enforceable contract.

39. LC&S materially breached the Subcontractor Contract by refusing to pay Pricing Cloud amounts owed under the contract, and instead unilaterally suspending payments unless Pricing Cloud agreed to new contractual terms.

40. Pricing Cloud to-date has performed its obligations under the Subcontractor Contract and intends to continue providing services under this agreement.

41. LC&S's breach hinders Pricing Cloud's ability to continue providing services under the Subcontractor Contract.

42. Absent prompt payment from LC&S, Pricing Cloud will be forced to suspend services under the Subcontractor Contract.

43. LC&S's breach has proximately caused Pricing Cloud's damages.

44. Pricing Cloud has sustained significant damages, including but not limited to: (1) amounts currently owed under the Subcontractor Contract exceeding $250,000; (2) expectancy damages in the value of the Subcontractor Contract and exceeding $2,000,000; (3) the loss of goodwill and reputation as a result of LC&S's failure to pay Pricing Cloud, which has hindered Pricing Cloud's ability to perform services for UPS; and other damages.

WHEREFORE, Pricing Cloud prays for an order of judgment in its favor holding LC&S liable for damages stemming from LC&S's breach of contract, including actual damages, costs, attorney's fees, and any additional relief this Court deems just and equitable.

## COUNT II
### Unjust Enrichment (In the Alternative)

45. Pricing Cloud incorporates by reference all of the allegations contained in paragraphs 1-35 as if alleged in this Paragraph.

46. Pricing Cloud performed valuable subcontractor services to LC&S in order to assist LC&S in performing under the UPS Contract.

47. Pricing Cloud performed these valuable services as a result of its reliance upon LC&S's promise of payment.

48. LC&S has unjustly refused to provide Pricing Cloud any compensation for Pricing Cloud's services.

49. By unjustly refusing to provide any compensation to Pricing Cloud, LC&S has caused a detriment to Pricing Cloud and has been unjustly enriched.

WHEREFORE, Pricing Cloud prays for an order of judgment in its favor holding LC&S liable for damages stemming from LC&S's unjust enrichment, and award costs and any additional relief this Court deems just and equitable.

Dated:  February 6, 2018	Respectfully submitted,

　　/s/ Margaret M. Marks	
Margaret M. Marks, VSB No. 76819
James P. Miller, VSB No. 78813
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
(703) 218 2156 (Ms. Marks)
(703) 218-2154 (Mr. Miller)
(703) 218-2160 (Facsimile)
Margaret.Marks@ofplaw.com
Jim.Miller@ofplaw.com

Daniel R. Saeedi (to be admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000 (Telephone)
(312) 527-4011
dsaeedi@taftlaw.com
*Counsel for The Pricing Cloud, LLC*